IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDY WAYNE BROCK                                                          PLAINTIFF

      v.                              Civil No. 06-5039

JOANNA TAYLOR, District Judge,
Madison County, Arkansas; BILLY
J. ALLRED, Deputy Prosecuting Attorney
Fourth Judicial District; LARRY BATES,
Mayor, City of Huntsville, Arkansas;
STEVE CORKERN, Police Chief, City
of Huntsville; Marjie Dan, Warrants Office,
Huntsville Police Department; T.J. THOMAS,
Police Officer, Huntsville Police Department;
TODD THOMAS, Police Officer, Huntsville
Police Department; REBECCA MOUNCE,
Dispatcher, Madison County Sheriff's Office;
SHANNON SMITH, Officer, Madison County
Sheriff's Department; THE UNITED STATES
OF AMERICA AND ALL AGENCIES THEREOF                                        DEFENDANTS

ORDER

      Randy Wayne Brock submitted this pro se action for filing on February 23, 2006. **The clerk is directed to file the *in forma pauperis* (IFP) application nunc pro tunc to February 23, 2006.** The application to proceed IFP is granted.

      Mr. Brock contends his constitutional rights have been violated in a number of ways by the various defendants. The court construes this to be a case alleging civil rights violations pursuant to 42 U.S.C. § 1983. The undersigned will determine at a later time whether the complaint should be served on the defendants.

-1-

Dockets.Justia.com

Mr. Brock submitted to the clerk a number of documents which he apparently contends constitutes his complaint. He additionally has submitted to the court a number of other documents.

**The clerk of court is directed to file the following documents as a complaint:**

(1) a document entitled "main writ and complaint" which consists of seven numbered pages;

(2) two handwritten pages beginning with "I, Randy Wayne Brock was falsely arrested on" and ending with "conspiracy and more;"

(3) one handwritten sheet dated December 14, 2005, and bearing a December 14, 2005, file mark for the Huntsville District Court having to do with an appearance by Mr. Brock before Judge Taylor;

(4) a booking record from the Madison County Sheriff's Office for Randy Wayne Brock with an intake date of November 23, 2005;

(5) one handwritten page dated December 16, 2005, in which Mr. Brock states he was falsely arrested by Steve Corkern on November 23, 2005;

(6) two handwritten pages dated December 19, 2005, in which Mr. Brock describes a visit to Mr. Allred's office on November 28, 2005;

(7) one handwritten page dated December 21, 2005, in which Mr. Brock asserts Larry Bates has failed to fulfill his oath of office;

(8) a document entitled warrant of arrest issued on Randy Brock for the offense of failure to appear, notice of failure to appear, two copies of an envelop from the district court clerk, and an attached envelop;

(9) three handwritten pages dated January 20, 2006, in which Mr. Brock alleges he was denied due process in connection with the arrest warrant.

-2-

**The clerk of court is directed to return to Mr. Brock without filing the following documents:**

(1) a document entitled "section 1" consisting of ten pages;

(2) a document entitled "section 2" consisting of six pages;

(3) a document entitled "section 3" consisting of six pages;

(4) documents having to do with a claim Mr. Brock made on a bond relating to Joanna Taylor, copies of her commission as a district judge, and receipts showing the documents were mailed to the Arkansas Insurance Commission;

(5) an envelop and contents bearing the return address of the Huntsville Police Department and postmarked November 22, 2005;

(6) a copy of an Arkansas Uniform Law Enforcement Citation;

(7) a receipt from Phyllis Villines to Randy Brock for $2.00;

(8) a duplicate copy of the handwritten sheet dated December 14, 2005, and bearing a December 14, 2005, file mark for the Huntsville District Court having to do with an appearance by Mr. Brock before Judge Taylor;

(9) documents having to do with a claim Mr. Brock made on a bond relating to Billy J. Allred, copies of his appointment as a deputy prosecuting attorney, receipts showing the documents were mailed to the Arkansas Insurance Commission, and letters from the Arkansas Insurance Department;

(10) a document bearing a file mark date of December 16, 2005, with the Huntsville District Court and containing on the first page the words antifreeze and ink pad in the left hand corner;

(11) a receipt from Phyllis Villines to Randy Brock for $10.00;

(12) a certificate of coverage showing that Madison County has a blanket fidelity bond;

(13) documents having to do with a claim Mr. Brock made on a bond relating to Larry Bates and copies of his appointment as a mayor;

(14) documents having to do with a claim Mr. Brock made on a bond relating to Steve Corkern;

(15) documents having to do with a claim Mr. Brock made on a bond relating to Marjie Dan;

(16) documents having to do with a claim Mr. Brock made on a bond relating to T.J. Thomas;

(17) documents having to do with a claim Mr. Brock made on a bond relating to Todd Thomas;

(18) documents having to do with a claim Mr. Brock made on a bond relating to Rebecca Mounce and attached documents having to do with Phillip Morgan's commission as Sheriff for Madison County;

(19) documents having to do with a claim Mr. Brock made on a bond relating to Shannon Smith and attached documents having to do with Phillip Morgan's commission as Sheriff for Madison County;

(20) an envelop and enclosed letter dated November 27, 2002, from the Office of the Lieutenant Governor;

(21) a one page list entitled state constitutional officers;

(22) a typewritten page bearing Mr. Brock's driver's license number and other information and an attached page in which Mr. Brock indicates he wishes to surrender his driving privileges;

(23) a birth certificate for Randy Wayne Brock;

(24) a birth certificate for Mary Ann Knesek;

-4-

(25) a birth certificate for Jesse Wayne Brock;

(26) a social security card for Randy W. Brock;

(27) two copies of a social security card for Jesse W. Brock;

(28) the stub for a social security card for Kevin L. Brock on which a handwritten social security number appears;

(29) a social security card for Kevin L. Brock;

(30) a social security card for Mary A. Brock;

(31) an American Express credit card bearing an account number and the name Randy W. Brock;

(32) a Shell credit card bearing an account number and the name Randy W. Brock;

(33) a birth certificate for Kevin L. Brock;

(34) an Arkansas certificate of title for a 1974 Dodge;

(35) an Arkansas certificate of title for a 1984 Dodge;

(36) an Arkansas certificate of title for a 1987 Dodge;

(37) an Arkansas certificate of title for a 1973 Plymouth;

(38) a warranty deed issued to Randy and Mary Brock for certain described land in Newton County and bearing a file mark date of March 29, 1999, in the Circuit Court of Newton County;

(39) a marriage certificate for Randy Brock and Mary Knesek; and

(40) a marriage license for Randy Brock and Mary Knesek.

Mr. Brock has refused to provide the court with his mailing address. Mr. Brock is notified that he must abide by the rules of this court. Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas provides as follows: "A party appearing for himself . . . shall sign his . . . pleadings and state his . . . address, zip code, and telephone number." **Mr. Brock is given**

-5-

until March 20, 2006, to provide the court with his address, zip code, and telephone number.
Mr. Brock is notified that if he fails to comply with the order of the court his case may be dismissed
based on his failure to obey the order of the court and his failure to prosecute the case.

Rule 8(a) of the Federal Rules of Civil Procedure require a complaint to contain: (1) a short
and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and
plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for
judgment for the relief a pleader seeks. Fed. R. Civ. P. 8(a). The materials submitted by Mr. Brock
do not comply with Rule 8 of the Federal Rules of Civil Procedure.

**The clerk is directed to provide Mr. Brock with a form § 1983 complaint.** Although
this form complaint is typically utilized by incarcerated individuals, the form will assist Mr. Brock
in providing the court with the short and plain statement of his claims required by Rule 8. **Mr.
Brock is directed to provide the court with an amended complaint by March 20, 2006. Mr.
Brock is advised that should he fail to provide the court with the amended complaint his case
may be dismissed based on his failure to obey the order of the court and his failure to
prosecute the case.**

IT IS SO ORDERED this 3rd day of March 2006.

Beverly Stites Jones

BEVERLY STITES JONES
UNITED STATES MAGISTRATE JUDGE

U. S. DISTRICT COURT
WESTERN DISTRICT ARKANSAS
FILED

MAR 0 3 2006

CHRIS R. JOHNSON, CLERK

BY

DEPUTY CLERK

-6-