IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

RANDY WAYNE BROCK                                                                         PLAINTIFF

         v.                    Civil No. 06-5039

JOANNA TAYLOR, District Judge,
Madison County, Arkansas; BILLY
J. ALLRED, Deputy Prosecuting Attorney
Fourth Judicial District; LARRY BATES,
Mayor, City of Huntsville, Arkansas;
STEVE CORKERN, Police Chief, City
of Huntsville; Marjie Dan, Warrants Office,
Huntsville Police Department; T.J. THOMAS,
Police Officer, Huntsville Police Department;
TODD THOMAS, Police Officer, Huntsville
Police Department; REBECCA MOUNCE,
Dispatcher, Madison County Sheriff's Office;
SHANNON SMITH, Officer, Madison County
Sheriff's Department; THE UNITED STATES
OF AMERICA AND ALL AGENCIES THEREOF             DEFENDANTS

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Randy Wayne Brock submitted this pro se action and an *in forma pauperis* (IFP) application for filing on February 23, 2006. By order entered on March 3, 2006, the clerk was directed to file certain of the documents submitted by Brock as his complaint and return other documents to him. (Doc. 3). The complaint and IFP application were filed *nunc pro tunc* to February 23, 2006. (Doc. 3).

The IFP application was granted and the court construed the complaint to be asserting civil rights violations pursuant to 42 U.S.C. § 1983 (Doc. 3). The court directed Brock to file an amended complaint complying with the provisions of Rule 8(a) of the Federal Rules of Civil Procedure by March 20, 2006. Pursuant to Rule 5.5(c)(2) of the Local Rules for the Eastern and

-1-

Western Districts of Arkansas, the court also directed Brock to provide the court with his address, zip code, and telephone number.

Brock has provided the court with an amended complaint and submitted with it all the documents the court ordered returned to him by order entered on March 3, 2006. Brock has refused to provide the court with an address. Instead, Brock has provided the court with a telephone number that can be utilized to leave messages for him. The case is before the undersigned for a determination of whether the complaint should be served on the defendants.

## BACKGROUND

The court had the following documents filed as Brock's original complaint: (1) a document entitled "main writ and complaint" which consists of seven numbered pages; (2) two handwritten pages beginning with "I, Randy Wayne Brock was falsely arrested on" and ending with "conspiracy and more;"(3) one handwritten sheet dated December 14, 2005, and bearing a December 14, 2005, file mark for the Huntsville District Court having to do with an appearance by Brock before Judge Joanna Taylor; (4) a booking record from the Madison County Sheriff's Office for Randy Wayne Brock with an intake date of November 23, 2005;(5) one handwritten page dated December 16, 2005, in which Brock states he was falsely arrested by Steve Corkern on November 23, 2005; (6) two handwritten pages dated December 19, 2005, in which Brock describes a visit to Billy Allred's, the deputy prosecuting attorney's, office on November 28, 2005; (7) one handwritten page dated December 21, 2005, in which Brock asserts Larry Bates, the Mayor of the City of Huntsville, has failed to fulfill his oath of office; (8) a document entitled warrant of arrest issued on Randy Brock for the offense of failure to appear, notice of failure to appear, two copies of an envelop from the district court clerk, and an attached envelop; and (9) three handwritten pages dated January 20, 2006, in which Brock alleges he was denied due process in connection with the arrest warrant.

AO72A
(Rev. 8/82)

The following documents and/or items were returned to Brock without filing:(1) a document entitled "section 1" consisting of ten pages; (2) a document entitled "section 2" consisting of six pages; (3) a document entitled "section 3" consisting of six pages; (4) documents having to do with a claim Brock made on a bond relating to Joanna Taylor, copies of her commission as a district judge, and receipts showing the documents were mailed to the Arkansas Insurance Commission; (5) an envelop and contents bearing the return address of the Huntsville Police Department and postmarked November 22, 2005; (6) a copy of an Arkansas Uniform Law Enforcement Citation; (7) a receipt from Phyllis Villines to Randy Brock for $2.00; (8) a duplicate copy of the handwritten sheet dated December 14, 2005, and bearing a December 14, 2005, file mark for the Huntsville District Court having to do with an appearance by Brock before Judge Taylor; (9) documents having to do with a claim Brock made on a bond relating to Billy J. Allred, copies of his appointment as a deputy prosecuting attorney, receipts showing the documents were mailed to the Arkansas Insurance Commission, and letters from the Arkansas Insurance Department; (10) a document bearing a file mark date of December 16, 2005, with the Huntsville District Court and containing on the first page the words antifreeze and ink pad in the left hand corner; (11) a receipt from Phyllis Villines to Randy Brock for $10.00; (12) a certificate of coverage showing that Madison County has a blanket fidelity bond; (13) documents having to do with a claim Brock made on a bond relating to Larry Bates and copies of his appointment as a mayor; (14) documents having to do with a claim Brock made on a bond relating to Steve Corkern; (15) documents having to do with a claim Brock made on a bond relating to Marjie Dan; (16) documents having to do with a claim Brock made on a bond relating to T.J. Thomas; (17) documents having to do with a claim Brock made on a bond relating to Todd Thomas; (18) documents having to do with a claim Brock made on a bond relating to Rebecca Mounce and attached documents having to do with Phillip

AO72A
(Rev. 8/82)

Morgan's commission as Sheriff for Madison County; (19) documents having to do with a claim Brock made on a bond relating to Shannon Smith and attached documents having to do with Phillip Morgan's commission as Sheriff for Madison County; (20) an envelop and enclosed letter dated November 27, 2002, from the Office of the Lieutenant Governor; (21) a one page list entitled state constitutional officers; (22) a typewritten page bearing Brock's driver's license number and other information and an attached page in which Brock indicates he wishes to surrender his driving privileges; (23) a birth certificate for Randy Wayne Brock; (24) a birth certificate for Mary Ann Knesek; (25) a birth certificate for Jesse Wayne Brock; (26) a social security card for Randy W. Brock; (27) two copies of a social security card for Jesse W. Brock; (28) the stub for a social security card for Kevin L. Brock on which a handwritten social security number appears; (29) a social security card for Kevin L. Brock; (30) a social security card for Mary A. Brock; (31) an American Express credit card bearing an account number and the name Randy W. Brock; (32) a Shell credit card bearing an account number and the name Randy W. Brock; (33) a birth certificate for Kevin L. Brock; (34) an Arkansas certificate of title for a 1974 Dodge; (35) an Arkansas certificate of title for a 1984 Dodge; (36) an Arkansas certificate of title for a 1987 Dodge; (37) an Arkansas certificate of title for a 1973 Plymouth; (38) a warranty deed issued to Randy and Mary Brock for certain described land in Newton County and bearing a file mark date of March 29, 1999, in the Circuit Court of Newton County; (39) a marriage certificate for Randy Brock and Mary Knesek; and (40) a marriage license for Randy Brock and Mary Knesek.

In the documents filed as the original complaint, Brock refers to himself as "a foreign, non-immigrant alien, native, sovereign, sojourner in the land, an ambassador at law, representing a kingdom beyond the seas, as we the people." He maintains the nine natural persons named as

AO72A
(Rev. 8/82)

defendants have violated the "law of nations" and "treaty laws." He declares his independence and unilateral withdrawal from the treaty of the United States Constitution.

Brock alleges he was falsely arrested on November 23, 2005, while attempting to "reveal a denial of due process" in his son's case to the City of Huntsville Police Department. Brock contends the notice sent to his son, Jesse Brock, was not served properly in that it was not sent by registered or certified mail with a postal receipt.

Brock submitted a copy of a Madison County Sheriff Department booking record that indicates he was arrested on November 23, 2005, at 4:18 p.m. and charged with public intoxication and disorderly conduct. Brock alleges he was arrested by Steve Corkern. Brock asserts Corkern and the dispatcher, Becky Mounce, conspired to hold Brock eight hours before he was allowed to make a phone call. Brock asserts he was forced by buy back his freedom with "monopoly money (federal reserve notes)."

On November 28, 2005, Brock states he went to Billy J. Allred's office in Huntsville, Arkansas. Brock requested Allred's assistance "in stopping the crimes being committed against all citizens by the City of Huntsville Police Department." When Allred advised Brock that the notice sent to his son was sent as a courtesy, Brock left his office. Brock asserts that Allred neither discussed with nor informed anyone of the denial of due process as is obvious by Judge Taylor's actions on December 14, 2005.

Brock asserts Allred and all attorneys are guilty of fraud and misrepresentation of themselves to the citizens by claiming to be attorneys at law. He asserts they are "merely Attorneys at Commercial Equity by the use of monopoly money (Federal Reserve Notes and other Negotiable Instruments) instead of lawful money as required by US and State Constitutions. (Gold and Silver coin)."

AO72A
(Rev. 8/82)

Brock indicates he appeared before District Judge Joanna Taylor on December 14, 2005, the date mentioned in the improperly served notice "as a means of proving the denial of due process to my son." Brock states Judge Taylor issued a warrant for his son's arrest over non-payment of fines without determining why the fine had not been paid.

With respect to Larry Bates, the Mayor of the City of Huntsville, Brock asserts Bates has utterly failed to fulfill the duties of his office and to uphold his oath of office. Brock asserts Bates has conspired with the police department and the other defendants in the issuance of improper warrants.

With respect to Shannon Smith of the Madison County Sheriff's Department and Todd Thomas of the Huntsville Police Department, Brock asserts their involvement in the conspiracy will be proven by past arrest records of Jesse Brock and by impound records of vehicles. Brock asserts that Jesse has been falsely arrested many times and entrapped "by these people in their attempted genocide of my family."

Brock purports to revoke his driver's license and "the equity, admiralty, commercial, location (address) that I have been tricked into using, placing my life into commerce (another fraud)." He states he does not need and refuses mail service.

In the amended complaint, Brock asserts that he is bringing the action pursuant to 28 U.S.C. § 1350 for violations of the "Law of Nations and the Treaty of U.S. Constitution with We the People, by the United States and its agencies, and criminal violations of rights by nine natural persons at USC 18 sections 241 & 242." He also invokes the court's Admiralty jurisdiction and the jurisdictional grounds contained in 28 U.S.C. §§ 1330, 1331, 1332, 1340, 1341, 1346, 1347, 1348, 1349, 1355, and 1357.

AO72A
(Rev. 8/82)

Brock alleges that his rights have been further violated by the United States District Court's attempt to compel him, under threat of dismissal, to provide an address. He maintains the "acceptance of a service of the US (USPS)(a contract of commerce) would place my life into the uniform commercial code and Admiralty (Equity) and initiate minimal contact with the state of the forum, through which many other contracts with U.S. are enforced, and acccepted by performance."

With respect to his claims against the named defendants, Brock merely states his claims against them are contained within the claims on bond made against these persons that are resubmitted for the court's consideration. He then resubmits all other documents and items previously returned to him at the direction of the court.

## DISCUSSION

Brock's claims are subject to dismissal. First, Joanna Taylor, a Madison County District Judge, is immune from suit. *Mireles v. Waco*, 502 U.S. 9, 11, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991)("Judicial immunity is an immunity from suit, not just from ultimate assessment of damages."). *See also Duty v. City of Springdale,* 42 F.3d 460, 462 (8th Cir. 1994). "Judges performing judicial functions enjoy absolute immunity from § 1983 liability." *Robinson v. Freeze*, 15 F.3d 107, 108 (8th Cir. 1994). "A judge will not be deprived of immunity because the action [s]he took was in error, was done maliciously, or was in excess of [her] authority." *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Judicial immunity is overcome in two situations: (1) if the challenged act is non-judicial; and (2) if the action, although judicial in nature, was taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11. It is clear from the allegations of the complaint that neither situation applies here.

In the past, claims for declaratory and injunctive relief "have been permitted under 42 U.S.C. § 1983 against judges acting in their official capacity." *Nollet v. Justices of Trial Court of Com. of Mass.*, 83 F. Supp. 2d 204, 210 (D. Mass. 2000), *aff'd without op.,* 248 F.3d 1127 (1st Cir. 2000)(*citing Pulliam v. Allen,* 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984)). "However, in 1996 Congress passed the Federal Courts Improvement Act ("FCIA"), Pub. L. No. 104-317, Title III § 309(c), 110 Stat. 3847, 3853, which legislatively reversed *Pulliam* in several important respects." *Nollet*, 85 F. Supp. 2d at 210. As amended by the FCIA § 1983 now precludes injunctive relief against a judicial officer "for an act or omission taken in such officer's judicial capacity . . . unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Brock does not allege that either of these prerequisites for injunctive relief are met. *See e.g., Montero v. Travis*, 171 F.3d 757, 761 (2d Cir. 1999)(holding injunctive relief against a quasi-judicial official is barred if the plaintiff fails to allege a violation of a declaratory decree or the unavailability of declaratory relief); *Fox v. Lee*, 99 F. Supp. 2d 573, 575-576 (E.D. Pa. 2000)(claim for injunctive relief dismissed where plaintiff's complaint fails to allege that either of the prerequisites to injunctive relief were met); *Ackermann v. Doyle*, 43 F. Supp. 2d 265, 273 (E.D. N.Y. 1999)(dismissing action against judicial officers because plaintiff failed to allege that a declaratory decree was violated or the declaratory relief was unavailable). Thus, to the extent Brock seeks injunctive relief his claims are subject to dismissal.

Furthermore, to be entitled to equitable relief, "plaintiff must show that he has an inadequate remedy at law and a serious risk of irreparable harm." *Mullis v. U.S. Bankruptcy Court for Dist. of Nevada*, 828 F.2d 1385, 1392 (9th Cir. 1987)(citations omitted). Equitable

AO72A
(Rev. 8/82)

relief is not appropriate where an adequate remedy under state law exists. *Pulliam,* 466 U.S. at 542 & n. 22, 104 S. Ct. at 1981 & n. 22. *See also Sterling v. Calvin*, 874 F.2d 571, 572 (8th Cir. 1989). An adequate remedy at law exists when the acts of the judicial officer can be reviewed on appeal or by extraordinary writ. *Mullis*, 828 F.2d at 1392 (citation omitted). *See also Nelson v. Com*, 1997 WL 793060, 2 (E.D. Pa. 1997)(appellate review of conviction provides plaintiff an adequate remedy under state law). *See also J&M Mobile Homes, Inc. v. Hampton*, 347 Ark. 126, 60 S.W.3d 481 (2001)(discussing when a writ of prohibition is appropriate).

Second, Brock's complaint as against Billy J. Allred is subject to dismissal. The prosecuting attorney is immune from suit. The United States Supreme Court, in *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 995, 47 L. Ed. 2d 128 (1976), established the absolute immunity of a prosecutor from a civil suit for damages under 42 U.S.C. § 1983 "in initiating a prosecution and in presenting the State's case." *Id.*, 424 U.S. at 427. This immunity extends to all acts that are "intimately associated with the judicial phase of the criminal process." *Id.*, 424 U.S. at 430. *See also Buckley v. Fitzsimmons*, 509 U.S. 259, 113 S. Ct. 2606, 2615, 125 L. Ed. 2d 209 (1993)(Prosecutor acting as an advocate for the state in a criminal prosecution is entitled to absolute immunity while a prosecutor acting in an investigatory or administrative capacity is only entitled to qualified immunity).

To the extent Brock's complaint seeks injunctive relief, we find the claim not cognizable. While the Supreme Court has not held that this immunity insulates prosecutors from declaratory or injunctive relief, *see Pulliam v. Allen*, 466 U.S. 522, 104 S. Ct. 1970, 80 L. Ed. 2d 565 (1984), a plaintiff must show some substantial likelihood that the past conduct alleged to be illegal will recur. Brock can make no such showing here. Further, injunctive relief is not appropriate where

an adequate remedy under state law exists. *Id.*, 466 U.S. at 542 & n.22. *See also Bonner v. Circuit Court of St. Louis,* 526 F.2d 1331, 1336 (8th Cir. 1975).

Third, to the extent Brock's claims are based on the refusal of Allred or other named defendants to investigate the alleged conspiracy against Brock or his son or to bring criminal against various individuals the claims fail. A private citizen has no right to institute criminal prosecution. *See Diamond v. Charles,* 476 U.S. 54, 64-65, 106 S. Ct. 1697, 90 L. Ed. 2d 48 (1986); *In re Kaminski,* 960 F.2d 1062, 1064 (D.C. Cir. 1992) (private party lacks judicially cognizable interest in prosecution of another person); *Lopez v. Robinson,* 914 F.2d 486, 494 (4th Cir. 1990); *Cok v. Cosentino,* 876 F.2d 1, 2 (1st Cir. 1989).

Fourth, to the extent Brock intends to bring a malicious prosecution claim, the claim fails. It has been "uniformly held that malicious prosecution by itself is not punishable under § 1983 because it does not allege a constitutional injury." *Kurtz v. City of Shrewsbury*, 245 F.3d 753, 758 (8th Cir. 2001).

Fifth, to the extent Brock challenges actions taken by the state courts, those claims fail. "[T]he United States Supreme Court alone has jurisdiction to review state court decisions. [T]he lower federal courts lack subject matter jurisdiction to consider federal claims that would vitiate an underlying state court judgment." *Johnson v. City of Shorewood, Minnesota*, 360 F.3d 810, 818 (8th Cir. 2004)(citations omitted).

Sixth, to the extent Brock challenges actions taken against Jesse Brock, his son, the claim fails. A claim that an individual's constitutional rights have been violated is regarded as personal in nature. *See Broadrick v. Oklahoma,* 413 U.S. 601, 610-11, 93 S. Ct. 2908, 37 L. Ed. 2d 830 (1973); *United States v. Mitchell,* 915 F.2d 521, 526 n. 8 (9th Cir. 1990). Ordinarily, one

-10-

individual cannot assert a claim on behalf of another individual. *Johns v. County of San Diego*, 114 F.3d 874, 876 (9th Cir. 1997)("While a non-attorney may appear pro se on his own behalf, '[h]e has no authority to appear as an attorney for others than himself.'").

Seventh, Brock's claims against the United States of America and all its agencies fail as a matter of law. In *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388, 397, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), the United States Supreme Court allowed a plaintiff to seek money damages from federal officials for alleged violations of rights secured by the Constitution and laws of the United States. "An action under *Bivens* is almost identical to an action under section 1983, except that the former is maintained against federal officials while the latter is against state officials." *Christian v. Crawford,* 907 F.2d 808, 810 (8th Cir. 1990).

While *Bivens* allows a plaintiff to seek redress against federal actors for civil rights violations, the Supreme Court has held that a plaintiff has no *Bivens* cause of action against federal agencies, the United States, or public officials acting in their official capacities. *Federal Deposit Ins. Corp. v. Meyer*, 510 U.S. 471, 486, 114 S. Ct. 996, 1006, 127 L. Ed. 2d 308 (1994). Brock, therefore, has no *Bivens* action against the United States and its agencies.

Furthermore, with respect to the United States and its agencies, the factual allegations contained in the complaint are irrational, incomprehensible, and clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 32-33, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992); *Neitzke v. Williams*, 490 U.S. 319, 325-328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989)(clearly baseless allegations are those that are fantastic, fanciful, or delusional.).

AO72A
(Rev. 8/82)

Eighth, Brock's claims based on the alleged failures of the defendants to faithfully execute their duties of office and to uphold their oath of office thereby depriving Brock and all other citizens of unspecified rights are subject to dismissal. These generalized allegations are simply insufficient to state a claim. *See e.g., Johnson v. Reagan*, 524 F.2d 1123, 1124 (9th Cir. 1975).

Ninth, Brock brings claims under a number of federal statutes that do not authorize civil actions, or create civil liability on the part of the named defendants, or apply given the parties to this case and constitutional violations asserted to exist. These statutes are: 28 U.S.C. § 1350 (Alien Tort Statute); 18 U.S.C. § 241(criminal statute–conspiracy against rights); 18 U.S.C. § 242 (criminal statute–deprivation of rights under color of law); 28 U.S.C. § 1333 (Admiralty, Maritime and Prize cases); 28 U.S.C. § 1352 (Bonds executed under Federal Law); 28 U.S.C. § (Postal Matters); 28 U.S.C. § 1330 (Actions against Foreign States); 28 U.S.C. § 1332 (Diversity of Citizenship); 28 U.S.C. § 1340 (Internal Revenue; Customs Duties); 28 U.S.C. § 1341 (Taxes by States–Anti-injunction provision); 28 U.S.C. § 1347 (Partition Action where the United States is a joint tenant); 28 U.S.C. § 1348 (Banking association as a party); 28 U.S.C. § 1349 (Corporation organized under Federal Law as a party); 28 U.S.C. § 1355 (actions to recover fines, penalties, or forfeitures); and 28 U.S.C. § 1357 (actions to recover for injuries incurred in enforcing federal laws for collection of revenue or enforcement of voting rights).

Tenth, Brock's claims for damages stemming from his alleged false arrest and false imprisonment are subject to dismissal. In *Heck v. Humphrey*, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994), the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose

unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck*, 512 U.S. 486-87.

The rationale of *Heck* has been applied to § 1983 complaints filed while the criminal charges are pending. *See e.g., Smith v. Holtz*, 87 F.3d 108, 113 (3d Cir. 1996). In *Smith*, the Third Circuit stated:

> We find that [the *Heck*] concerns apply equally to claims that, if successful, would necessarily imply the invalidity of a future conviction on a pending criminal charge. A claim by a defendant in an ongoing criminal prosecution which necessarily challenges the legality of a future conviction on a pending criminal charge lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871. If such a claim could proceed while criminal proceedings are ongoing, there would be a potential for inconsistent determinations in the civil and criminal cases and the criminal defendant would be able to collaterally attack the prosecution in a civil suit. In terms of the conflicts which *Heck* sought to avoid, there is no difference between a conviction which is *outstanding* at the time the civil rights action is instituted and a *potential* conviction on a pending charge that may be entered at some point thereafter.

*Smith*, 87 F.3d at 113. Accordingly, Brock's claims for damages based on his alleged false arrest and false imprisonment are barred by *Heck*.

Eleventh, Brock's case is subject to dismissal based on his failure to comply with the order of the court and his failure to provide the court with an address at which he can be mailed orders and other material from the court. Brock has refused to provide the court with his mailing address because he says he does not accept mail service or any other service of the United States.

Brock was notified that all litigants must abide by the rules of this court. Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas provides as follows: "A party

-13-

appearing for himself . . . shall sign his . . . pleadings and state his . . . address, zip code, and telephone number." The reason for this rule is simple. The court must have a means of communicating with parties to cases pending before it. The court must be able to provide Brock with copies of orders and other documents.

Brock was given until March 20, 2006, to provide the court with his address, zip code, and telephone number. Brock was notified that if he failed to comply with the order of the court his case could be dismissed based on his failure to obey the order of the court and his failure to prosecute the case. Brock invoked the jurisdiction of this court by filing his lawsuit. He cannot now elect to comply with only those court rules that he agrees with.

Finally, Brock's complaint is subject to dismissal because he failed to comply with the court's order to file an amended complaint that complied with the requirements of Rule 8(a) of the Federal Rules of Civil Procedure. Rule 8(a) requires a complaint to contain: (1) a short and plain statement of the grounds upon which the court's jurisdiction depends; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for judgment for the relief a pleader seeks. Fed. R. Civ. P. 8(a). The materials submitted by Brock as his amended complaint do not comply with Rule 8 of the Federal Rules of Civil Procedure.

## CONCLUSION

I therefore recommend that Brock's claims be dismissed prior to service of process as the claims are frivolous, fail to state claims upon which relief can be granted, and are against defendants who are immune from suit. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)(IFP action, or any

portion thereof, may be dismissed because it fails to state a claim or states a claim that is not presently cognizable).

**Brock has ten days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. Brock is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 27th day of March 2006.

/s/ Beverly Stites Jones
UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)